**LI QUN CHEN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04-2594-AG.**

United States Court of Appeals, Second Circuit.

Nov. 2, 2005.

Ramesh K. Shrestha, New York, NY, for Petitioner.

William J. Schneider, Assistant United States Attorney, (Paula D. Silsby, United States Attorney for the District of Maine, on the brief) United States Attorney's Office for the District of Maine, Portland, ME, for Respondent.

Present: KEARSE, MINER, and CABRANES Circuit Judges.

### SUMMARY ORDER

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED.**

Petitioner, Li Qun Chen, a native and citizen of the People's Republic of China ("China"), appeals an April 22, 2004 Order of the BIA affirming a February 14, 2003 Order of an Immigration Judge ("IJ") denying petitioner's request for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

Petitioner alleges that she fled China to avoid an arranged marriage to a local policeman who was a son of a local government official. According to petitioner,

whose testimony the IJ found credible, she rejected the marriage, whereupon her parents "locked her up and beat her." She then hid for several days at a friend's house, where she was found by the groom-to-be, who—accompanied by two fellow policemen—seized her and imprisoned her until she agreed to the marriage. Shortly after release she fled to the United States. Discovered at Los Angeles International Airport on May 12, 2001 with a false visa, petitioner applied for asylum, sought withholding of removal, and requested relief under the CAT.

The IJ—and the BIA, which adopted the IJ's findings—held that (1) petitioner's harm did not rise to the level of "persecution" as defined by the asylum statute, 8 U.S.C. § 1158(b), and (2) neither the attempted forced marriage, nor the prospect of a successfully forced marriage upon her return, befell petitioner "on account" of any of the enumerated categories of protected classes. *See* 8 U.S.C. § 1101(a)(42)(A) (defining refugee). The IJ did not, however, make any finding on the record concerning petitioner's claim that, upon returning to China, she would face persecution as an imputed follower of the Falun Gong movement, which is banned in China. At her hearing before the IJ, petitioner testified that the same local policeman visited such persecution upon another woman in her village who had refused a previous arranged marriage to him.

We have held that a non-follower of Falun Gong may qualify for asylum if he faces persecution "on account" of imputed adherence to the movement. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 129 (2d Cir.2005). But petitioner's fear is too tenuous to satisfy the statutory requirements for asylum claims. Even though the IJ found her credible, her request for asylum therefore was properly denied.

Moreover, because a successful claim for relief under the CAT or for withholding of removal requires a showing that torture or threats to freedom or life will "more likely than not" occur upon repatriation, which is a "burden heavier than that imposed for eligibility for asylum," *id. at 128; cf. Xin–Chang Zhang v. Slattery,* 55 F.3d 732, 738–39 (2d Cir.1995), petitioner's appeals on those grounds must fail as well.

\*    \*    \*    \*    \*    \*

For the foregoing reasons, the petition for review is **DENIED**.